UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-00554-GNS

KEVIN DEAN; and
SARAH DEAN                                                                                      APPELLANTS

v.

LINDA J. LANE                                                                                      APPELLEE

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Appellants' Notice of Appeal from the United States Bankruptcy Court for the Western District of Kentucky. (DN 1). The issues have been briefed and the matter is now ripe for adjudication. For the reasons that follow, the Bankruptcy Court's decision is **AFFIRMED**.

### I.    BACKGROUND

#### A.    Statement of Facts

This appeal arises in connection with a bankruptcy case and related adversarial proceeding, styled *Lane v. Dean*, Adversary Proceeding No. 19-03003 (Bankr. W.D. Ky. Case No. 17-32237-THF) ("AP No. 19-03003"). Specifically, Appellants Kevin Dean and Sarah Dean (collectively, "Appellants") appeal a July 23, 2019 Memorandum Opinion and Order[1] by U.S. Bankruptcy Court for the Western District of Kentucky ("Bankruptcy Court") granting the motion of Appellee Linda J. Jane ("Appellee") for contempt or sanctions against Appellants. (Notice Appeal 1, DN 1). The

---

[1] This Order is attached to Appellants' Notice of Appeal and was originally filed as DN 25 in AP No. 19-03003.

Bankruptcy Court concluded that Appellants committed civil contempt when they willfully refused to comply with its April 12, 2019 Order to appear for a deposition on May 14, 2019,[2] refused to provide Appellee or the Court with any alterative dates for the depositions, and then appeared at a hearing at which "Mrs. Dean became uncooperative, disrespectful, and directed scurrilous allegations towards Debtor's Counsel and the Court."[3] (Notice Appeal 4-5). The Bankruptcy Court imposed a sanction of $5,000, but further provided that Appellants could purge themselves of contempt by contacting Appellee's counsel to schedule the previously ordered deposition. (Notice Appeal 6).

B. **Procedural History**

Appellants filed the present notice of appeal on August 2, 2019, seeking a reversal of the Bankruptcy Court's Order of contempt and sanctions. (Notice Appeal 1). Appellants and Appellee provided briefs on the issue.[4] (Appellants' Br., DN 7; Appellee's Br., DN 8).

II. **JURISDICTION**

The district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees issued by the bankruptcy courts. *See* 28 U.S.C. § 158(a)(1).

III. **STANDARD OF REVIEW**

On appeal, the bankruptcy court's conclusions of law are reviewed *de novo* and factual findings are reviewed for clear error. *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th

---

[2] This Order is available at DN 13 in AP No. 19-03003.
[3] Civil contempt powers are available to United States bankruptcy courts pursuant to 11 U.S.C. § 105, which provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *See In re PT Specialists PLLC*, 327 B.R. 618, 621 (Bankr. W.D. Ky. 2005).
[4] Roughly 20 pages of Appellants' brief is devoted to describing alleged misconduct by a number of actors in the underlying bankruptcy action. As those concerns are more properly considered by the Bankruptcy Court, they will not be addressed here.

Cir. 2000) (citation omitted). "A factual finding is clearly erroneous where, although there is evidence to support that finding, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 274 F.3d 1043, 1047 (6th Cir. 2001) (citation omitted). Mixed questions of law and fact "are to be separated into their component parts and reviewed under the appropriate standard." *In re Behlke*, 358 F.3d 429, 433 (6th Cir. 2004) (citation omitted). In the context of contempt specifically, a lower court's decision to hold a party in contempt is reviewed for abuse of discretion, i.e., that determination will only be reversed if the lower court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Clapper v. Clark Dev., Inc.*, 747 F. App'x 317, 321 (6th Cir. 2018) (citation omitted).

## IV. **DISCUSSION**

The Supreme Court has made clear that the power to hold a party in contempt "is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 450 (1911). "Contempt proceedings enforce the message that court orders and judgments are to be complied with in a prompt manner." *Elec. Workers Pension Tr. Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citation omitted). To hold a party in civil contempt, three elements must first be established: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *In re Fioravante Settembre*, 425 B.R. 423, 434 (Bankr. W.D. Ky. 2010) (quoting *In re Magack*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999)). These elements must be established by clear and

convincing evidence. *CFE Racing Prod., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 598 (6th Cir. 2015) (citations omitted).

The Bankruptcy Court concluded, and Appellants do not dispute, that each of these elements was satisfied. (Notice Appeal 5). First, the Bankruptcy Court concluded that Appellants "clearly had knowledge of this Court's Order requiring them to appear for their deposition . . . ." (Notice Appeal 3). As an initial matter, the April 12, 2019, Order setting Appellants' depositions for May 14, 2019, included a certificate indicating that copies of the Order were sent to Appellants' shared residence. (*Lane v. Dean*, No. 19-03003 (Bankr. W.D. Ky. Apr. 14, 2019) (certification of mailing (DN 15))). More importantly, Appellants do not dispute that they had knowledge of this Order. (Appellants' Br. 14). Appellants report that they sent Appellee's counsel an email on April 23, 2019, informing counsel that Appellants were unable to attend the scheduled deposition, which clearly indicates that Appellants were well aware of the Order in advance of May 14, 2019. (Appellants' Br. 14).

Second, the Bankruptcy Court found that "the Deans did, in fact, violate this Order despite Debtor's counsel's efforts to accommodate their schedule . . . ." (Notice Appeal 3). Again, Appellants do not contest that they failed to appear for their depositions as ordered by the Bankruptcy Court. Most notably, at the May 28, 2019, hearing, the Bankruptcy Court repeatedly asked Appellants when they could be available for the taking of their depositions. (Appellants' Br. 21-22; Appellee's Br. 15-16). Appellants gave no indication that they *ever* intended to make themselves available; instead they contended that Appellee had no right to take their depositions despite the express order of the Bankruptcy Court giving Appellee's counsel the ability do so. (Appellants' Br. 22; Appellee's Br. 16). Instead, the Bankruptcy Court was forced to end the

4

hearing, without Appellants ever providing a date for the depositions.[5]  (Appellants' Br. 23; Appellee's Br. 17).

Third, the Bankruptcy Court determined that "the Order violated was specific and definite." (Notice Appeal 3).  In fact, the April 12 Order could hardly have been more "specific and definite." The Order states: "**IT IS HEREBY ORDERED** that the depositions of Kevin and Sarah Dean be and hereby are set for May 14, 2019, beginning at 10:00 a.m. at the United States Federal Courthouse in the Bankruptcy Conference Room on the 5th Floor of the courthouse." (*Lane v. Dean*, No. 19-03003 (Bankr. W.D. Ky. Apr. 12, 2019) ( (DN 13)).  Appellants have not contended on appeal that this Order was somehow ambiguous or unclear, nor have they in any way suggested that they were unaware what was expected of them.  Rather, as noted, the Bankruptcy Court specifically discussed this Order and the need for Appellants to provide a deposition date at two separate hearings.

The three elements needed to establish civil contempt are largely uncontested and are established by clear and convincing evidence.  Appellants next take issue, however, with whether the Bankruptcy Court held them in civil or criminal contempt. (Appellants' Br. 28)  Civil contempt and criminal contempt are distinct from each other:

> The distinction between civil and criminal contempt lies in the purpose of the court's mandate.  Civil contempt sanctions are designed to enforce compliance with court orders and to compensate injured parties for losses sustained.  In contrast, criminal contempt sanctions . . . are imposed to vindicate the authority of the court by punishing past acts of disobedience . . . To decide whether a proceeding before a lower court refers to civil or criminal contempt, the appellate court is required to look to the purpose and character of the sanctions imposed, rather than to the label given to the proceeding by the court below.

---

[5] In fact, Appellants unruly behavior prompted Bankruptcy Court to suggest that it would have to call security if they continued to press their claims.  (Appellants' Br. 23).

*Clapper*, 747 F. App'x at 322 (cleaned up). Relying on this standard, Appellants argue "that an order of sanctions immediately follow[ing] a finding of contempt seems to imply that the sanctions are imposed to punish the contempt." (Appellants' Br. 28). As such, Appellants claim that they were entitled to a jury trial. (Appellants' Br. 27). The Bankruptcy Court's Contempt Order, however, specifically outlined the standard for establishing *civil contempt*. (Notice Appeal 5). While the label itself is not definitive, Appellants were capable of purging their civil contempt by simply appearing for the required deposition, which could have "cause[d] the *coercive* monetary sanction imposed by the Court to be vacated." (Notice Appeal 7-8 (emphasis added)). The purge provision and the related language clearly indicate that the intent of the contempt order was to *compel action* by Appellants, not merely to *punish* them. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (noting that a contemnor's "subsequent opportunity to reduce or avoid the fine through compliance" suggests that the contempt was coercive and therefore civil) (discussing *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 588-90 (1947))). Because Appellants were held in civil contempt rather than criminal contempt, they had no right to a jury trial. *See Clapper*, 747 F. App'x at 322 ("In civil contempt proceedings, the procedural protections provided for in Rule 42(a) do not apply, and proof need be only by clear and convincing evidence." (citation omitted)).

Finally, this Court will note that this appeal appears to be part of a larger attempt on the part of Appellants to stall the bankruptcy process and increase litigation expenses to the detriment of Appellee. *See In re Lane*, 604 B.R. 23, 37 (B.A.P. 6th Cir. 2019) (noting that "the Deans have ignored the Bankruptcy Court's admonitions to stop filing pleadings that unnecessarily increase litigation expenses and harass the Debtor."). Regardless, Appellants have not shown that the

Bankruptcy Court abused her discretion in issuing the July 23, 2019, Memorandum Opinion and Order holding Appellants in civil contempt.

V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Bankruptcy Court's decision is **AFFIRMED**. The Clerk is directed to strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

March 31, 2020

cc: counsel of record